# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cr-00325-ECR-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SEAN PATRICK RYAN, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion to Reopen Detention Hearing (#26), filed on February 10, 2012.

This Court ordered that Defendant be detained pending trial on September 15, 2011 and entered an Order of Detention on October 7, 2011 (Dkt. # 13). The Court determined that Defendant poses a significant risk of danger and non appearance that would warrant his detention.

Defendant alleges that the fact that he self surrendered to the Marshals was not presented to the Court at the detention hearing. Defendant does not contend that this information was not available to him at the time of the detention hearing. Defendant also argues that this evidence negates the government's ability to establish that he is a danger to the community by clear and convincing evidence.

The Bail Reform Act of 1984 governs a defendant's release pending trial. Detention is warranted when the judicial officers determines that release "will not reasonable assure the appearance of the person as required *or* will endanger the safety of any other person or the community . . . ." 18 U.S.C. § 3142(c) (emphasis added). Once a determination is made, a pretrial decision may be reopened

"at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

Here, Defendant does not argue that the information was not known to him at the time of the hearing, but rather that the evidence was not presented to the Court. The Court finds it highly unlikely that Defendant was not aware that he self-surrendered.

Further, the evidence of self-surrender has no material bearing on whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community since the Court determined that both grounds were established. "Proof of *both* flight risk and danger to community is unnecessary." *United States v. Flores*, 856 F.Supp. 1400, 1401-02 (E.D. Cal. 1994) (citing *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985)). The initial Pretrial Services Report drafted in this matter indicated that conditions could be fashioned that would address Defendant's risk of nonappearance. This Court nonetheless determined that no conditions could be fashioned to ensure Defendant's appearance at trial. Regardless, the Court further determined by clear and convincing evidence that Defendant was a danger to the community.

Defendant's self-surrender is relevant to whether he would be a risk of nonappearance. Defendant has presented no additional evidence that would have material bearing on this Court's finding that Defendant is a danger to the community. Thus, even assuming that Defendant's prior self-surrender could possibly be new evidence known to him and had a material bearing on fashioning conditions to ensure his appearance, the Court's detention order would still stand on the ground that Defendant is a danger to the community. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reopen Detention Hearing (#26) is **denied**.

**IT IS FURTHER ORDERED** that the Motion Hearing set for February 27, 2012 at 10:00 AM is **VACATED**.

DATED this 14th day of February, 2012.

1
2
3                          _____
4                          **C.W. HOFFMAN, JR.**
                         **UNITED STATES MAGISTRATE JUDGE**